COATES & BARTLEY vs. DAY & BENNETT.

A. as guardian of S. gave bond with B. & C. securities. Afterwards A. conveyed a tract of land to his son D. who sold the same to E. A. died. B. & C. his securities, paid a debt due by A. as guardian, without suit, and then filed a bill in equity against D. and E. to establish their demand against A's estate, to set aside the conveyance from A. to D. and from D. to E. as fraudulent, and to have the land sold to satisfy their demand. Held: That there must be an administrator of A's estate, and that he must be made a party.

ERROR to Callaway.

Hardin & Ansell, for Plaintiff in error.

Coates & Bartley vs. Day & Bennett.

JAMESON & SHELEY, for Defendants in error.

McBRIDE, J., delivered the opinion of the court.

Samuel Day on the 19th August, 1839, was by the county court of Callaway county appointed guardian of Mary Ann Smart, a minor, when John Coates and John Bartley became his security as such guardian. Between the time of Samuel Day's appointment, and his settlement with the court, which took place on the 18th November, 1841, there came to his hands and remained unexpended the sum of $355 96. On the 3d January, 1842, Samuel Day and wife conveyed by deed to their son Patrick E. Day, all the real estate which they possessed. On the 30th September, 1842, Patrick E. Day mortgaged the land to Anson G. Bennett. On the 1st June, 1843, Samuel Day and wife made another deed for the same land to their son Patrick. Shortly thereafter, Samuel Day departed this life. On the 23d November, 1844, James K. Sheley was appointed by the county court curator for Mary Ann Smart, the late ward of Samuel Day. The complainants, securities of Samuel Day, being liable on their bond for the balance found in his hands, without suit, and to avoid costs, paid the same to the curator. The bill charges fraud in the conveyance from Samuel to Patrick E. Day, and from Patrick E. Day to Anson G. Bennett; and seeks, 1st, to establish complainant's demand against the estate of Samuel Day, deceased; 2d, to set aside the deed; and, 3d, to obtain a decree subjecting the land to the payment of their demand. To the bill a general demurrer was filed, which having been sustained, and judgment given thereon for the defendants, the complainants have brought the case here by writ of error. Several questions have been presented to this court by the complainant's solicitor, all of which it is not now necessary to discuss.

It is a general principle in chancery, that the bill must call all the necessary parties, however remotely concerned in interest, before the court, thereby enabling the court to do complete justice by deciding upon, and settling the rights of all persons interested in the subject of the suit. Samuel Day died before the filing of the bill, and it does not appear that administration has been granted upon his estate. He most likely left no estate, other than the land conveyed to his son; and although his administrator, if one was appointed, could take no steps to set aside the deeds for fraud, yet it would seem necessary before a demand can be established against his estate, that a representative authorized to resist the demand, if unjust, should be before the court.

If the deed should be adjudged fraudulent, and the land when sold produce a surplus after paying the demand of complainants, other creditors, if there be any, and after them the distributees of Samuel Day, would be interested in seeing that the complainants obtain a judgment for only what is really due to them.

To obviate the above difficulty, the complainants are desirous, if practicable, to treat the defendants as executors *de son tort*. But the estate, if there be any, consists of land, and we know of no rule which will constitute a fraudulent grantee of real estate, an executor *de son tort*. Under our statute lands may be sold for the payment of debts, after the exhaustion of the personality, but it can only then be done by on order of the court. There can, therefore, be no executor *de son tort* of real estate.

The other judges concurring herein, the judgment on the demurrer in the circuit court is affirmed.